UNITED STATES DISTRICT Court
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:97-cr-273-T-23TBM
　　　　　　　　　　　　　　　　　　　　　8:03-cv-1443-T-23TBM

JAMES MICHAEL TERRY
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿/

**O R D E R**

Terry's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) was denied (Doc. 18). Both this court and the circuit court rejected Terry's requests for issuance of a certificate of appealability (Doc. 26 & 48, respectively). Terry filed a "Motion Pursuant to Federal Rules of Civil Procedure Rule 54(b) Interlocutory (Partial) Judgment" (Doc. 35) regarding the order denying his motion to vacate sentence. The request was denied because the order (Doc. 18) denying the motion to vacate sentence was a final order disposing of all of Terry's claims (Doc. 36). Terry filed a notice of appeal (Doc. 38), which is now construed as a request for the issuance of a certificate of appealability (Doc. 50).

On April 24, 1996, the President signed into law amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255; Rule 22, Federal Rules of Appellate Procedure; and 21 U.S.C. § 848(q). As a result of these amendments, a disappointed movant under Section 2254 must acquire a certificate of appealability, which requires a substantial showing by an applicant of the denial of a constitutional right. As stated in *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04 (2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot, supra*, at 893, and n.4, 102 S. Ct. 3383 ("sum[ming] up" the "substantial showing" standard).
>
> . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in *Barefoot, supra*, at 893, and n.4, 102 S. Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity." As stated in *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003):

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack [v. McDaniel*, 529 U.S. 473 (2000)], "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S., at 484, 120 S. Ct. 1595.

In this action, Terry's request for an interlocutory appeal was denied on the merits. Terry has failed to demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. The requirement of a

certificate of appealability was meant to prevent this type of petition from proceeding any further.

Accordingly, Terry's construed request for the issuance of a certificate of appealability (Doc. 50) is **DENIED**.  Terry must pay the full $250 filing fee to pursue his appeal.

ORDERED in Tampa, Florida, on June 29, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro